This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-Plaintiff, Paul Gallagher, has appealed a judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.
Paul Gallagher and Appellee-Defendant, Nancy L. Gallagher, were married in 1985. One child, Bailey Ann, was born as issue of the marriage on February 11, 1996. The parties separated, and Appellee entered into a relationship with a citizen of the Netherlands. Appellee informed Appellant that after their divorce, she intended to re-marry and move to the Netherlands, and take Bailey Ann with her.
Appellant filed for divorce. The parties entered into an agreement regarding the marital property and spousal support, which was approved and adopted by the trial court. Appellant agreed to designate Appellee as Bailey Ann's residential parent, but he did not agree with Appellee's plans to permanently relocate Bailey Ann to the Netherlands. A trial was had before the court on the issue of parental rights and responsibilities. The court awarded Appellee legal custody of Bailey Ann, and granted Appellant visitation rights.
Appellant has timely appealed, and has set forth the following sole assignment of error:
 Assignment of Error The trial court erred in failing to place appropriate restrictions on the custody granted to Nancy L. Gallagher, specifically in failing to restrict her from moving the child to the Netherlands.
Although Appellant has set forth an assignment of error which states that the trial court erred in not restricting Appellee from relocating Bailey Ann to the Netherlands, he has failed to propose any supporting argument for this Court to consider. In fact, although the titled "ARGUMENT AND LAW" section of Appellant's brief contains five and one-half pages of written words, the "argument" fails to even take a position until the concluding sentence, which reads: "This Court should reverse the decision of the Trial Court and order that Nancy L. Gallagher be not allowed to permanently remove the child from the jurisdiction from [sic] this Court."[1] This position is untenable, however, as the trial court's order does not grant Appellee authority to relocate. Rather, in considering Bailey Ann's best interest, the court found that Appellee intends to move Bailey Ann to Holland. The trial court then ordered that Appellee notify the court and Appellant in the event Appellee did elect to relocate with Bailey Ann, so that a hearing could be held to reconsider visitation.
Appellant has not contested the trial court's designation of Appellee as Bailey Ann's residential parent. Nor has Appellant challenged the trial court's analysis and findings with respect to the child's best interests. Furthermore, Appellant has not provided any law to show that a trial court has the authority, where parents cannot agree, to restrict a residential parent from relocating with the child when the court has properly considered the child's best interests.[2]
In the interest of justice, this Court has reviewed the trial court's allocation of parental rights and responsibilities, and we have found that the trial court properly considered the required statutory factors under R.C. 3109.04(F)(1). In deciding whom should be awarded legal custody, the court gave great consideration to Appellee's intent to move the child out of the country, in compliance with R.C. 3109.04(F)(1)(j), which requires a court to consider "whether either parent * * * is planning to establish a residence outside this state." We find that the trial court did not abuse its discretion in its allocation of parental rights.
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.
[1] It is unclear whether Appellant is referring to the jurisdiction of the trial court or this Court, which are distinct.
[2] We also note that Appellant's "argument" summarizes five appellate cases, but fails to apply those cases to the facts of the instant case. Moreover, only one of the five summarized cases is applicable to the present case, as four of the cases concerned modification of parental rights and not allocation of parental rights, which are governed by distinct statutory standards.